UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT L. COLE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No.: 1:09-CR-118 |
| | )   (1:11-CV-159) |
| UNITED STATES OF AMERICA, | ) |
| | |
|     Respondent. | |

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Robert L. Cole on May 16, 2011 (docket at 42). Cole also filed a separate brief in support of his motion on May 18 (docket at 44). The United States ("the government") filed a response in opposition to the motion on July 14, 2011 (docket at 47) and Cole filed a reply (which he titled a "rebuttal") on August 12, 2011 (docket at 48). For the reasons discussed herein, the motion is DENIED.[1]

## DISCUSSION

Cole was charged in a four-count indictment for drug offenses. Counts 1 and 2 alleged violations of 21 U.S.C. § 841(a)(1) for allegedly distributing five grams or more but less than 50 grams of cocaine base "crack." Count 3 alleged that Cole possessed crack cocaine with the intent to distribute it and Count 4 alleged that he carried a firearm during and in relation to a

---

[1] In addition to his motion pursuant to 28 U.S.C. § 2255, Cole has requested that he be resentenced as a result of the recent retroactive amendments to the U.S. Sentencing Guidelines (i.e., the so-called "crack amendments"). This Court appointed counsel to represent Cole on that issue. *See* docket at 50. This Opinion and Order has no impact on whether Cole is entitled to resentencing and that matter will be addressed once the retroactive amendments approved by the U.S. Sentencing Commission become effective on November 1, 2011.

drug trafficking crime, in violation of 18 U.S.C. § 924(c). On February 2, 2010, Cole and his counsel and counsel for the government filed a plea agreement which, pursuant to Fed.R.Crim.P. 11(c)(1)(C), called for a binding sentence of 240 months imprisonment. On February 9, 2010, Cole pleaded guilty to Counts 3 and 4 of the indictment. On May 17, 2010, this Court sentenced Cole to a term of imprisonment of 240 months to be followed by a term of Supervised Release of eight years. This prison term consisted of a 180-month term on Count 3 and a mandatory 60-month term on Count 4 (to run consecutively to the term imposed on Count 3).[2] Prior to his sentencing, Cole received a Presentence Investigation Report ("PSIR") prepared by the U.S. Probation Department. The Probation Department determined that because Cole had two qualifying prior felony convictions for drug offenses he was designated as a career offender pursuant to United States Sentencing Guideline § 4B1.1. The PSIR concluded that Cole's advisory guideline range was 262 to 327 months. Pursuant to statute, he faced a mandatory minimum term of 10 years to life on Count 3 and five years to life on Count 4. Notably, Cole did not lodge any objections to the findings contained in the PSIR.

In his present motion, Cole claims his court-appointed counsel rendered ineffective assistance in that counsel failed to file a notice of appeal on Cole's behalf even though, according to Cole, he told his attorney to do so. Motion to Vacate, p. 4. Cole also claims his attorney's performance was deficient in that "counsel advised defendant to take a plea without explaining the career criminal enhancement." *Id*., p. 5. Cole also alleges that his counsel's performance was ineffective in that "illadvised [sic] defendant to plead guilty to a sentence

---

[2] Pursuant to the terms of the plea agreement, the government moved to dismiss Counts 1 and 2 of the indictment at the time Cole was sentenced and the Court granted that motion.

2

which was unreasonable in violation of [*United States v.*] *Booker*." *Id*., p. 6. Cole also alleges that the "government breached the plea agreement as defendant's drug amount was not supposed to exceed 150 grams, but the government enhanced and sentenced the defendant to 232 grams of crack cocaine in violation of the contractual agreement." *Id*., p. 9. Cole claims his attorney rendered ineffective assistance by not lodging a formal objection to this alleged breach of the plea agreement by the government. Cole also claims that his attorney was ineffective for "illadvising [sic] and negotiating for defendant to waive his appellate rights . . ." and that the waiver provision in his plea agreement "is invalid." *Id*., pp. 11-12. Cole's arguments fail for several reasons, as discussed below.

Cole claims he told his court-appointed counsel, Stanley Campbell, to file a notice of appeal on Cole's behalf. Cole claims he told his attorney this on the day he was sentenced. Petitioner's Memorandum, pp. 1-2. According to Cole, he did so because he "was sentenced to a higher drug amount than was agreed to in the plea agreement." *Id*. In order to establish that counsel's performance was ineffective, a defendant must demonstrate that his attorney's conduct was deficient and that this deficiency prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance (whether the attorney is court-appointed or privately retained) does not have to be perfect in all respects. Rather, counsel must render "reasonably effective assistance." *Strickland*, 466 U.S. at 698. Only when an attorney's performance falls below an objective standard of reasonableness does the issue of ineffective assistance arise. *Id*. at 688. Even assuming the first prong is met, a defendant must then establish that, were it not for the alleged ineffective performance of counsel, the result of the criminal proceeding would have been different. *Id*. at 694. As the government points out in

3

its response, "[a] court may, where expedient to do so, resolve an ineffective assistance of counsel claim solely on the prejudice prong, because if the defendant cannot establish prejudice, there is no need to 'grade' counsel's performance." Government's Response, p. 6 (citing *Strickland*, 466 U.S. at 697).

The only "evidence" Cole presents to support his claim that his counsel ignored his request to file an appeal is his own self-serving accusation. However, in its response brief, the government attached an affidavit from attorney Campbell who stated that he had no recollection of engaging in any discussion with Cole concerning an appeal. *Id.*, Attachment A. Campbell also stated in his affidavit that he specifically discussed with Cole the findings contained in the PSIR, including the career criminal enhancement, the advisory guideline range (i.e., 262 to 327 months), the statutory minimum sentences Cole faced, the binding agreement for a sentence of 240 months, and factors under 28 U.S.C. § 3553 that might impact his sentence. *Id.* Finally, Campbell stated that he specifically discussed with Cole the fact that the plea agreement contained an appeal waiver provision. *Id.* In addition to attorney Campbell's affidavit, the government notes in its brief that on August 19, 2010, the Court Clerk docketed a letter from Cole in which he requested copies of his plea agreement and docket sheet. *Id.*, p. 4. The government points out that at no time–either in that letter or at some other point–did Cole raise any issue concerning an appeal in his case. "[N]owhere in his August 19, 2010 letter . . . did [Cole] mention or allege that he wished to appeal or that he had requested that his counsel file a Notice of Appeal and that his counsel failed to do so." *Id.*, p. 7. The government points out that this issue was never raised until Cole raised it in his present ¶ 2255 motion–more than a year after he was sentenced. The clear implication of this statement by the government is to cast

4

doubt on the genuineness of Cole's allegation. But be that as it may, Cole's argument fails for more concrete reasons. First, he is unable to demonstrate prejudice even assuming, for the sake of argument, that he did tell Campbell to file a notice of appeal. Cole was sentenced to the exact term of imprisonment agreed to in the plea agreement–a term that was less than the advisory guideline range and considerably less than he was exposed to by statute (recall that he could have faced a life sentence). When Cole entered his guilty plea on February 9, 2010, Magistrate Judge Roger B. Cosbey specifically asked Cole in open court if he understood and agreed to the terms contained in the plea agreement. He stated that he did. Judge Cosbey specifically asked Cole if he understood that he would likely be sentenced to a term of imprisonment of 240 months and that he was waiving his right to appeal his sentence (or, for that matter, to challenge it by way of a ¶ 2255 motion). Again, Cole represented that he understood and agreed to the terms and that he was voluntarily pleading guilty to Counts 3 and 4 of the indictment. *See* docket at 27, Change of Plea Hearing, Tape # 152. Since the term of imprisonment Cole had agreed to as part of his plea agreement never changed, and since he admitted that he understood he was waiving his right to appeal his sentence, Cole cannot demonstrate that he was prejudiced by his attorney's failure (if there was a failure) to file a notice of appeal.

Specifically, Cole's plea agreement contained the following provision:

I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has the jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed

5

> ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Plea Agreement, docket at 24, p. 5.

It is well-settled that appellate waivers in plea agreements are generally enforceable. *United States v. Emerson,* 349 F.3d 986, 988 (7th Cir. 2003); *see United States v. Nave,* 302 F.3d 719, 720-21 (7th Cir. 2002). For the waiver to be enforceable, the disputed appeal must fall within its scope. *See United States v. Vega,* 241 F.3d 910, 912 (7th Cir. 2001) (per curiam). The Seventh Circuit Court of Appeals will enforce an appellate waiver if its terms are "express and unambiguous," *see United States v. Woolley,* 123 F.3d 627, 632 (7th Cir. 1997), and the record shows that the defendant "'knowingly and voluntarily'" entered into the agreement. *United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001) (quoting *Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir. 1999)).

To determine if a defendant knew and understood the plea agreement, a court must examine the language of the plea agreement itself and also look to the plea colloquy between the defendant and the judge. *Woolley,* 123 F.3d at 632; *see also United States v. Sura,* 511 F.3d 654, 661 (7th Cir. 2007) (the district court must inform the defendant of an appellate waiver during the Rule 11 colloquy). *See also United States v. Lockwood,* 416 F.3d 604, 607-08 (7th Cir. 2005), *and Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir. 1999) (appeal waiver is valid where it is express and unambiguous and where the record reflects that it was made knowingly and voluntarily). When a sentencing court engages a defendant in a detailed colloquy pursuant to Federal Rule of Criminal Procedure 11 and discusses with the defendant his rights and the consequences of his guilty plea, the testimony of the defendant at that hearing is accorded a

6

"presumption of verity." *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir. 1987). *Cf. United States v. Weathington,* 507 F.3d 1068, 1073 (7th Cir. 2007) (stating that a "defendant who simply asserts that his plea was not voluntary, in contradiction of his testimony at the plea hearing, ... faces 'a heavy burden of persuasion' ") (quoting *Ellison,* 835 F.2d at 693). Once a sentencing court determines that a defendant's plea agreement is entered into voluntarily and with full knowledge of its terms, the appeal waiver must be enforced. *Nunez v. United States,* 546 F.3d 450, 453 (7th Cir. 2008) ("Because the plea was voluntary, the waiver of appeal must be enforced.") (citing *United States v. Wenger,* 58 F.3d 280 (7th Cir. 1995)).

In the present case, Magistrate Judge Cosbey engaged Cole in a very thorough Rule 11 colloquy to ensure that Cole understood all the terms contained in his plea agreement and that he was entering into the agreement voluntarily. Cole responded by saying that he understood the terms, agreed to them (including the appellate waiver provision), and was voluntarily pleading guilty. The waiver provision is clear and unambiguous. As a result, the waiver provision must be enforced. For these same reasons, Cole's counsel (Stanley L. Campbell, a very experienced and knowledgeable federal criminal defense lawyer) was not ineffective for not filing a notice of appeal even if Cole wanted him to do so. Bald allegations of prejudice by a defendant are insufficient to demonstrate ineffective assistance of counsel, and bald allegations are all Cole presents. *See Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991).

Cole's contention that he was wrongly sentenced as a career offender, or that he would not have pleaded guilty if he had known that he was going to be designated a career offender, is

also without merit.[3] Cole was specifically informed at his plea hearing that his ultimate sentence could not be calculated until the Court received his presentence investigation report from the U.S. Probation Department.[4] Cole stated to Magistrate Judge Cosbey that he understood that. At the same time, he also stated that he understood he was entering into a plea agreement that contained a binding recommendation for a sentence of 240 months, which is precisely the term to which he was sentenced. The career offender designation had no impact on the term of

---

[3] Having found that Cole's appeal waiver, and waiver of his right to even file a motion under ¶ 2255, is valid, the Court could deny the motion on that basis alone. However, the Court notes (as does the government on page 13 of its response) that a valid appeal waiver provision in a plea agreement does not necessarily preclude a defendant from arguing that the plea agreement itself was the result of ineffective assistance of counsel. *See United States v. Hodges*, 259 F.3d 655, 659, n. 3 (7th Cir. 2001); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Aside from his meritless contention that his attorney was ineffective for having allegedly failed to file a notice of appeal, Cole also raises several more (somewhat overlapping) arguments that his counsel was ineffective in negotiating the plea agreement in this case. The Court will address these additional arguments, enumerated at the outset of this opinion, even though they are also without merit.

[4] Cole was properly designated as a career offender since he had two or more prior final convictions for distribution of controlled substances, even though he claims some of his prior convictions should not have counted since they were more than 10 years old, and that the government did not provide him with notice in the indictment or by way of a separate Information that he would be designated a career criminal. In 1996 Cole was convicted in state court for dealing cocaine and attempted dealing in cocaine. In 2001 he was convicted in federal court of possession with intent to distribute cocaine base, or "crack." The Probation Officer properly counted these prior drug convictions when calculating Cole's offense level, criminal history, and career offender designation. *See* U.S.S.G. § 4B1.1; *United States v. Newbern*, 633 F.3d 599, 600 (7th Cir. 2011). Also, the government correctly points out that "[c]ontrary to Cole's assertion, the measuring period for his two prior felony drug trafficking convictions was 15 years, not 10 years as he incorrectly contends. (See § 4A1.2(e)(1)). Also, the government is not require to file, as Cole contends, an information to put him on notice that he was a career criminal . . ." Government's Response, p. 9. (The government did file an Information on December 16, 2009, pursuant to 21 U.S.C. § 851(a)(1), informing Cole that it intended to seek an enhanced sentence in this case as a result of Cole's prior federal court drug conviction. See docket at 18. His state court convictions were subsequently discovered when the Probation Department was preparing the presentence investigation report and were properly included in that report.)

imprisonment that was imposed on Cole–the term to which he agreed when he voluntarily and knowingly entered into his plea agreement with the government.

Cole's contention that the government somehow breached the plea agreement and/or that he was given an unreasonable sentence as a result of the amount of drugs attributed to him is also meritless. It is true, as Cole states, that his plea agreement contained a provision that the amount of "crack" cocaine attributed to him as a result of the charges in this case was "at least 50 grams but less than 150 grams." Plea Agreement, ¶ 8. Cole complains now that his presentence investigation report wrongly alleged that he was responsible for the distribution of 232 grams of "crack." But as the government properly notes in its response brief, this provision of the plea agreement was "a *non-binding* term. . . . After the Presentence Report was completed, the Court determined that the amount of crack cocaine attributed to Cole was properly calculated at 232 grams . . . ." Government's Response, p. 10 (italics in original). The government is correct. This is precisely why Cole (and all drug defendants appearing before this Court) was informed at his plea hearing that the Court could not make certain determinations about his case (such as the amount of drugs involved) until the Probation Department completed a presentence investigation report. (Again, Cole never lodged any objections to the findings contained in the PSIR.) Nonetheless, this Court accepted the recommended sentence of 240 months, notwithstanding the fact that the PSIR concluded that the amount of "crack" cocaine involved in this case was considerably higher than was represented in the non-binding provision of the plea agreement.[5]

---

[5] The amount of "crack" cocaine attributed to Cole in this case included not only the amount of drugs discovered in his vehicle when he was arrested, but also the amounts involved in controlled buys that undercover officers made from Cole and also the amount calculated when Probation converted an amount of cash seized from Cole into an equivalent amount of "crack." The higher amount of drugs attributed to Cole under this "relevant conduct" was proper. *United*

For these reasons, Cole's argument that the amount of drugs attributed to him in the PSIR was wrongfully calculated or assessed against him is without merit.

The Court concludes that Cole's sentence was properly calculated and imposed. Cole's counsel was able to negotiate with the government to obtain a binding plea agreement for a sentence of 240 months–22 months *below* the low end of the advisory guideline range and, needless to say, below the maximum statutory penalty of life. Cole was fully informed along the way, in particular at his plea hearing, of the penalties he faced. He was repeatedly asked if he understood the terms of his plea agreement and the consequences of entering guilty pleas to the two counts. He stated that he understood the terms and consequences and was voluntarily pleading guilty to Counts 3 and 4 of the Indictment. Accordingly, this petition under § 2255 must be denied.

## CONCLUSION

For the reasons set forth above, the petition under 28 U.S.C. § 2255 filed by defendant Robert L. Cole is DENIED.

Date: October 14, 2011.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

---

*States v. Simmons*, 582 F.3d 730, 737 (7th Cir. 2009).